[Civ. No. 8371.   Third Dist.   Mar. 31, 1954.]

HELEN ZANOTTO, Respondent, v. CHARLES MAROGNA
et al., Appellants.

Russell F. Milham, Richard J. Lawrence and Joseph W. Grossman for Appellants.

Emmett J. Foley for Respondent.

PAULSEN, J. pro tem.*—This is an appeal from a judgment entered on a jury's unanimous verdict awarding respondent damages in the amount of $2,300 for injuries inflicted by an assault and battery committed upon her by the appellants, who are husband and wife.

The appellant wife admitted that she struck the respondent several times in the face in the course of an affray which

*Assigned by Chairman of Judicial Council.

occurred in a small roadside café and bar; and it is tacitly conceded that there was sufficient evidence to support the jury's implied findings that the appellant wife made an unprovoked attack on respondent when she was seated at the bar with some friends, and that the appellant husband joined therein by kicking respondent when his wife was dragging her out the door by her hair. Likewise, it is undisputed that as a result of the blows administered by the appellant wife, the respondent's face was badly bruised and swollen, and there was evidence of injuries to her shoulder, back and shins. Therefore, we shall not narrate the details of the episode except such as are necessary to an understanding of the questions of law raised on this appeal.

Appellants attempted to impeach respondent by the use of her complaint. The court sustained an objection on the ground that she had not personally signed the complaint and it had been verified by her attorney. ■ Ordinarily, the testimony of a party can be impeached by plaintiff's inconsistent statements in a pleading which has been verified. (*Gajanich* v. *Gregory*, 116 Cal.App. 622 [3 P.2d 389].) ■ Where the circumstances indicate that the witness is responsible for such inconsistent statements there appears to be no reason why a pleading signed and verified by her attorney should not be so used. In the instant case, however, there was no showing whatever that the witness had ever seen the pleading or that she had furnished the information on which it was based. Moreover, there was no foundation whatever laid for the asking of such a question as provided in section 2052 of the Code of Civil Procedure. For these reasons alone, the ruling was correct. In addition thereto the part of the complaint sought to be used was not necessarily inconsistent with the testimony already given by the witness. She had testified that during the affray with Virgia Marogna, she saw Charles Marogna coming towards her but did not see him do anything or touch her as she was rendered unconscious by the blows struck by Virgia Marogna. The allegation of the complaint read: ''That defendant, Charles Marogna, was present in the Lone Pine Café when defendant Virgia Marogna was assaulting and beating plaintiff as hereinbefore mentioned, and he did then and there wrongfully, unlawfully, violently and maliciously assault and beat the plaintiff.'' ■ The fact that respondent was incapable of realizing or recalling what transpired after she was first struck

is not irreconcilable with the allegation of the complaint that the appellant husband assaulted her. Eyewitnesses testified that he did so and respondent could on the basis of knowledge gained from others truthfully believe and allege that the appellant husband assaulted her. ■ It is a matter of common knowledge that parties injured in accidents frequently have no memory of the occurrence. Yet, they are not branded as perjurers when they bring actions to recover damages and allege the facts of the accident of which they have no independent recollection.

■ Two days after the affray respondent and both appellants appeared before the district attorney. Deputy Sheriff Bert Fry was also present. Fry was called as a witness by appellants and asked to state what the district attorney had said. Complaint is made that the court erroneously sustained an objection to this question. Appellants had both testified to parts of this conversation. The appellant wife testified at first that she could not remember anything said there by respondent, but later related statements of respondent, none of which was relevant to the issues in the case. Appellant husband testified that respondent "never talked." Obviously, under these circumstances, there was nothing in the conduct of respondent that would have been admissible against her and the statements of the district attorney could not be used for that purpose.

■ Appellants further contend that as they had already testified to parts of the conversation with the district attorney the whole of it should have been admitted under section 1854 of the Code of Civil Procedure. That section reads in part as follows:

"When part of an act, declaration, conversation, . . . is given in evidence by one party, the whole on the same subject may be inquired into *by the other*, . . ." (Italics supplied.)

It was not respondent who testified to part of the conversation and appellants were not the other parties referred to in that section.

■ The final assignment of error is claimed abuse of discretion in denying appellants' motion for a new trial which was grounded on newly discovered evidence. This consisted of an affidavit by one witness that she lied when she denied that the respondent had promised her a trip to New York if she would appear as her witness. However, this affidavit, which is controverted by one by the respondent, does not contain any statement that respondent requested the wit-

ness to testify falsely or that she did so. Since the witness knew both parties, it is likely that she wished to remain neutral and that respondent only solicited her to testify truthfully as to what she knew about the matter, although, by so doing, she might engender the hostility of the appellants, who were her landlords. Further, as pointed out by respondent, this witness was not present when the assault occurred and testified only to respondent's subsequent physical condition and appearance. Her testimony was unnecessary to establish the admitted fact that respondent's face was badly swollen and bruised as the result of blows struck by appellant wife. Even if she were biased and, therefore, enlarged upon the seriousness of respondent's injuries, this did not necessitate a new trial as there is no claim that the damages awarded were excessive. We cannot hold, as a matter of law, that respondent was guilty of subornation of perjury when there was no evidence that the alleged promise of a trip to New York was to induce false, rather than truthful, testimony of the witness. It was within the discretion of the trial judge, who presided at the trial, to determine if it were likely that a different verdict would be rendered upon a new trial because of this newly discovered evidence, and his determination that it would not was not an abuse of discretion.

The purported appeal from the order denying appellants' motion for a new trial is dismissed as it is not an appealable order under section 963, of the Code of Civil Procedure.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.